JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Patrick Henderson

### DEFENDANTS
USAA Indemnity Company a/k/a and d/b/a
USAA Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, Penna.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bexar, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vaughn A. Booker, Esquire - (215) 545-0474
1420 Walnut St, Suite 815, Philadelphia, Pa. 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1332 - Diversity of Citzenship

Brief description of cause:
Uninsured Motorist Motor Vehicle Accident Claim against the Insurer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   3-20-2026

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

#### DESIGNATION FORM

Place of Accident, Incident, or Transaction: **722 Butler Pike, Horsham Twp, Montgomery County, Pennsylvania**

---

*RELATED CASE IF ANY:* Case Number: **None**    Judge:_____

1. Does this case involve property included in an earlier numbered suit?  **No**  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  **No**  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
   **No**

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
   **No**

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  **No**  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

### Civil Litigation Categories

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.**  *Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

*[signature]*  3-20-2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Vaughn A. Booker, Esquire  **Attorney for Plaintiff**
1420 Walnut Street, Suite 815  **Jury Trial Demanded**
Philadelphia, Pennsylvania 19102
Telephone: (215) 545-0474
Fax: (215) 545-0656
Attorney I.D. No: 42312
vbs00001@aol.com

| | |
|---|---|
| Patrick Henderson and<br>529 Arnold Street, Apt. 1<br>Philadelphia, Pennsylvania 19111 | : Civil Action- Law<br><br>: No. |
| Plaintiff | : Complaint |
| vs. | : |
| USAA Indemnity Company a/k/a and<br>d/b/a USAA Insurance Company<br>9800 Fredericksburg Road<br>San Antonio, Texas 78288, | :<br><br>: |
| Defendant | : |

## COMPLAINT

And now comes the Plaintiff, Patrick Henderson, by and through his undersigned Attorney, Vaughan A. Booker, Esquire and in support of his Complaint, prays your Honorable Court as follows:

### Jurisdiction

1. Jurisdiction of this Court is proper, under 28 U.S.C. 1332, diversity of citizenship in that the Plaintiff Patrick Henderson is a Citizen of the Commonwealth of Pennsylvania and resides at 529 Arnold Street, Apt. , in Philadelphia, Pennsylvania 19111,1 in the City and County of Philadelphia, State of Pennsylvania and the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company is a Corporation and has a principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288, in the City of San Antonio, State of Texas.

## Venue

2. Venue is also proper and pursuant to 28 U.S.C. 1391, in that the Plaintiff is a citizen of the City of Philadelphia, Commonwealth of Pennsylvania and the Defendant for diversity of Citizenship purposes are citizens of a different state, the State of Texas.

## Count I

## Plaintiff Patrick Henderson vs. Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company

## BREACH OF CONTRACT

### Uninsured Motorist Claim

1. The Plaintiff, Patrick Henderson, is an individual and at all times material hereto, resides at 529 Arnold Street, Apt. 1, in Philadelphia, Pennsylvania 19111.

2. At all times material hereto, the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company (herein after sometimes referred to as USAA) is a corporation engaged and licensed in the medical, property and casualty insurance business and is licensed and issues policies of insurance and insurance contracts, in the City of Philadelphia, Commonwealth of Pennsylvania and has a principal place of business located at 9800 Fredericksburg Road, in San Antonio, Texas 78288.

3. Further, at all times material hereto, the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company regularly does business and is licensed to provide motor vehicle liability insurance policy coverage in the City of Philadelphia and the Commonwealth of Pennsylvania.

4. On or about June 27, 2024, the Plaintiff Patrick Henderson was the operator of a certain motor vehicle, to wit, a 2019 Dodge Journey, insured under the Defendant's automobile policy number 04159 35 55U 7101 0, when while in his vehicle in the parking lot of the Horsham clinic located at, on, or near 722 Butler Pike, in Horsham Township, Pennsylvania, suddenly and without warning the vehicle being operated by third party, negligently, recklessly and carelessly and violently and erratically backed up his motor vehicle and furthermore caused the Plaintiff to sustain personal injuries, all to his great financial loss and detriment.

5. At all times material hereto, the tortfeasor driver and the vehicle being operated by the Third party tortfeasor was Uninsured and had no motor vehicle insurance covering it for financial responsibility at the time of the accident.

6. At all times material hereto, the said operator that struck the Plaintiff's vehicle was operating his motor vehicle and in the possession and control of a drug or drugs and/or alcohol that rendered him incapable of safe driving.

7. The said third party tortfeasor plead guilty in Montgomery County, Pennsylvania under 75 Pa.C.S.A. 3802 A1 General Impairment for Driving Under the Influence of Alcohol or Controlled Substance, Second Offense, in Montgomery County, Pennsylvania, as a direct result of this accident and as a result of the charges brought against him.

8. At all times material hereto, the torfeasor driver and vehicle were considered and deemed an Uninsured Motorist under the terms of the Plaintiff's policy of insurance with the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company.

9. At all times material hereto, the Plaintiff Patrick Henderson was covered under a policy of insurance and had Uninsured Motorist Benefits (UIM) under their Contract and Policy of Insurance with the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, under policy number 04159 35 55U 7101 0 or the like (See attached USAA Policy of Insurance as Exhibit A).

10. At all times material hereto and pursuant to the terms of the policy was to provide Uninsured Motorist benefits to the Plaintiff for both his out of pocket expenses and for his pain and suffering.

11. The Plaintiff made a demand for Underinsured Motorist benefits pursuant to his Contract and policy of insurance with the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company.

12. Despite the submission of all reasonable and required proofs requested by the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, still refuses to pay the Plaintiff his Uninsured Motorist Benefits due and owing under her automobile policy with USAA and still refuses to pay him the benefits due and owing to him and has breached their contract with the Plaintiff.

13. At all times material hereto, the Plaintiff Patrick Henderson was an insured under the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, Uninsured Motorist policy with them.

14. At all times material, the said policy of insurance with the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, covered the Plaintiff Patrick Henderson, as a driver, for Uninsured Motorist benefits.

15. At all times material, hereto the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, received and accepted the premiums to cover the Plaintiff Patrick Henderson and any resident relatives in his household for personal injuries sustained in a motor vehicle accident with Uninsured Motorists.

16. At all times material hereto, the above-said USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company's policy was in full force and effect for Uninsured Motorists Benefits and to cover the Plaintiff for personal injuries sustained arising out of the maintenance or use of a motor vehicle.

17. At all times material hereto, the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, acted by and through their authorized agents, representatives, servants, claims representatives and employees and acted and committed within the course and scope of their employment and agency relationship.

18. The Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, at all times material hereto, refused to pay the UM benefits, despite the Plaintiff's demand for same for this motor vehicle accident, that was through no fault of the Plaintiff Patrick Henderson.

19. As a further and direct and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, violations, conduct and actions of the Defendant as aforesaid, the Plaintiff Patrick Henderson, was caused to sustain personal injuries to his body and limbs and may well have sustained a shock to his nerves and nervous system and furthermore may have sustained other injuries as well, the full extent of which may be both known and unknown.

20. As a further and proximate result of the Defendant's beach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, conduct actions as aforesaid, the Plaintiff Patrick Henderson also may have sustained an aggravation and/or exacerbation of injuries both known and unknown.

21. In addition to the above and as a direct and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA violations, actions and conduct of the Defendant as aforesaid, the Plaintiff Patrick Henderson may have been caused to sustain serious and/or permanent injuries, as well as a serious impairment of body function.

22. As a further result of this accident and the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct as aforesaid, the Plaintiff, Patrick Henderson, has been or will be obligated to receive and undergo medical attention and care and to incur various expenses in the treatment of his injuries and may be required to expend additional sums in the future as out of pocket expenses.

23. As a further and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson will be prevented from attending to his usual and every day needs, duties and occupation.

24. As a further and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson may have lost wages and may be so caused to sustain a loss of wages in the future.

25. In addition to the above, and as a direct and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct of the Defendant's, as aforesaid, the Plaintiff Patrick Henderson, may have sustained a loss of future earnings and an impairment in his earnings capacity.

26. As a further and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson, has suffered and may continue to suffer into the future a great deal of pain and suffering and may in the future be so hindered and prevented from attending to his usual and daily duties and needs all to his great financial loss and detriment.

27. As a further and direct and proximate result of the Defendant's breach of contract and refusal to pay the required Uninsured Motorist benefits due and owing under the policy of insurance with USAA, violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson has suffered pain, mental anguish, emotional distress, agony and humiliation and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Plaintiff Patrick Henderson Demands Judgment in her favor as well as Compensatory and Punitive Damages against the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, for an amount not in excess of $150,000.00, (One-Hundred and Fifty Thousand Dollars) plus Interest, Attorneys Fees and Costs of this Suit.

## Count II

## Plaintiff  Patrick Henderson vs. Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company

### Unfair Trade Practices Act and Consumer Protection Law

### 73 PA. C.S.A. SECTION 201.92

28. The Plaintiffs incorporates by reference all of the allegations of the preceding paragraphs 1-27, inclusively as if fully set forth at length herein.

29. At all times material hereto, the Defendant USAA Insurance Company dealt unfairly with the Plaintiff in the handling of his claim.

30. As a direct and proximate result of the Defendant's handling and adjusting of the Plaintiff's claims, the Plaintiff was deprived of his Uninsured Motorist Claim and UM Benefits, all to their great financial loss and detriment.

31. As a direct and proximate result of the Defendant's conduct and handling of the Plaintiff's claims acting as aforesaid, the Defendant's actions amounted to an Unfair Trade Practices violation or violations and/or Consumer Protection Violation in accordance with Pennsylvania statutory and case law as well as federal law.

32. Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, with regard to this transaction being considered a service required to be provided by the Defendant for which payment was received and accepted by the Defendant from the Plaintiff.

33. As a result of this transaction Plaintiff Patrick Henderson has suffered ascertainable economic and non-economic losses by reason of the unfair and/or deceptive acts or practices of the Defendant.

34. That the Plaintiff Patrick Henderson has sustained damages as aforesaid due to the employment by the Defendant of the unfair and/or deceptive acts of practices arising from the sale of the said insurance policy, together with the Defendant's improper conduct in refusing to pay benefits to the Plaintiff for their economic and non economic losses, on a claim for which coverage exists under the Defendant's policy of insurance issued to and paid by the Plaintiff.

35. At all times material hereto, the Defendant's knew or should have known and/or had reason to know that they were acting in bad faith and creating and giving an unfair claims practices violation or violations to the Plaintiff.

36. The Plaintiff has suffered all to his great financial loss and detriment as a direct and proximate result of the Defendants unfair claims practices, breach of contract, breach of fiduciary duty, acting in bad faith and with respect to the handling, adjustment, payment and disposition of his claims that were presented by the Plaintiff with all supporting documentation and in good faith.

37. As a further and direct and proximate result of the violations, conduct and actions of the Defendant as aforesaid, the Plaintiff Patrick Henderson, was caused to sustain personal injuries to his body and limbs and may well have sustained a shock to his nerves and nervous system and furthermore may have sustained other injuries as well, the full extent of which may be both known and unknown.

38. As a further and proximate result of the Defendant's violations, conduct actions as aforesaid, the Plaintiff Patrick Henderson also may have sustained an aggravation and/or exacerbation of injuries both known and unknown.

39. In addition to the above and as a direct and proximate result of the violations, actions and conduct of the Defendant as aforesaid, the Plaintiff Patrick Henderson may have been caused to sustain serious and/or permanent injuries, as well as a serious impairment of body function.

40. As a further result of this accident and the Defendant's violations, actions and conduct as aforesaid, the Plaintiff, Patrick Henderson, has been or will be obligated to receive and undergo medical attention and care and to incur various expenses in the treatment of his injuries and may be required to expend additional sums in the future as out of pocket expenses.

41. As a further and proximate result of the Defendant's violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson will be prevented from attending to his usual and every day needs, duties and occupation.

42. As a further and proximate result of the Defendant's violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson may have lost wages and may be so caused to sustain a loss of wages in the future.

43. In addition to the above, and as a direct and proximate result of the violations, actions and conduct of the Defendant's, as aforesaid, the Plaintiff Patrick Henderson, may have sustained a loss of future earnings and an impairment in his earnings capacity.

44. As a further and proximate result of the Defendant's violations, actions and conduct as aforesaid, the Plaintiff Patrick Henderson, has suffered and may continue to suffer into the future a great deal of pain and suffering and may in the future be so hindered and prevented from attending to his usual and daily duties and needs all to his great financial loss and detriment.

45. As a further and direct and proximate result of the Defendant's violations, actions and conduct as aforesaid, the Plaintiff, Patrick Henderson has suffered pain, mental anguish, emotional distress, agony and humiliation and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE,** Plaintiff Patrick Henderson Demands Judgment in her favor as well as Compensatory and Punitive Damages against the Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company, for an amount not in excess of $150,000.00, (One-Hundred and Fifty Thousand Dollars) plus Interest, Attorneys Fees and Costs of this Suit.

## Count III

### Plaintiff  Patrick Henderson vs. Defendant USAA Indemnity Company a/k/a and d/b/a USAA Insurance Company

### JURY TRIAL DEMAND

46. Plaintiff hereby demands a Jury Trial consisting of twelve (12) members in this case.

Wherefore, the Plaintiff Patrick Henderson Demands a Jury Trial in this case.

By:

Vaughn A. Booker, Esquire
**Attorney for Plaintiff,**
**Patrick Henderson**

Dated: **March 20, 2026**

## VERIFICATION

I, Vaughn A. Booker, Esquire, hereby states that I am the Attorney for the Plaintiff in the within action and furthermore verify that the facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S..A. 4904 relating to unsworn falsification to authorities.

Vaughn A. Booker, Esquire
Attorney for Plaintiff

Dated: March 20, 2026